**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Alla Bogdan, Yevgeniya Bogdan,
and Roman Bogdan,

Plaintiffs,

v.

John Ashcroft, Attorney General,
Curtis J. Aljets, District Director of
Immigration and Naturalization Service,
Bloomington, MN, and James W. Ziglar,
Commissioner of Immigration and
Naturalization Service,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-763 ADM/SRN

---

Barton C. Winter, Esq., Law Office of Barton C. Winter, Birchwood, MN, appeared for and on behalf of Plaintiffs.

Mary Jo Madigan, Assistant United States Attorney, and Daniel J. Pornschloegl, Assistant District Counsel of the Immigration and Naturalization Service, St. Paul, MN, appeared for and on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 9]. On November 26, 2002, counsel presented oral arguments on their respective positions. Plaintiffs seek a writ of mandamus to compel the Immigration and Naturalization Service ("INS") to render a decision on two pending petitions of Plaintiff Alla Bogdan's husband, Vasiliy Potapenko ("Potapenko"). Defendants argue that the Court has no subject matter jurisdiction to order such relief, and therefore that the action must be dismissed. For the foregoing reasons, Defendants' Motion is

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

granted and the complaint is dismissed.

## II. DISCUSSION

Plaintiffs, facing the possibility of removal from this country due to an expired grant of voluntary departure, request immediate adjudication of Potapenko's I-130 petition for immediate relative status and N-400 application for naturalization.[1] As a substantive basis of jurisdiction, Plaintiffs assert that 28 U.S.C. § 1361 permits the Court to issue a writ of mandamus to force a public official to perform a nondiscretionary official duty. Defendants contend that such jurisdiction is specifically precluded by the Immigration and Nationality Act, and, further, that irrespective of this statute, Plaintiffs cannot establish the requirements for mandamus relief.

A writ of mandamus is an exceptional remedy, to be invoked only in extraordinary circumstances. In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980)). It is an appropriate action where: (1) the plaintiff shows a "clear and indisputable right" to the requested relief; (2) the defendant has a clear, nondiscretionary duty to honor that right; and (3) the plaintiff has no adequate alternative remedy available. Id.

Though Plaintiffs identify no statute or regulation specifying a mandatory time period for

---

[1] This Court has serious reservations about whether Potapenko's wife and children are the proper plaintiffs to bring this action involving petitions of a person not a party to this litigation. This is especially so in light of the indications, based on the pleadings of both sides, that Plaintiffs' alleged harm may not be redressable. It appears, as Defendants argue, that even with a favorable adjudication from the INS, Plaintiffs would continue to be subject to removal, such that the requested ruling would not provide the remedy Plaintiffs seek; a right to remain in the United States. Because Defendants do not press these concerns regarding Plaintiffs' standing, and the Court's lack of subject matter jurisdiction over this matter is sufficient independent grounds for dismissal, this issue will not be addressed herein.

processing of the applications or a deadline for a final decision, they assert that they have a right to adjudication within a reasonable time. Thus, they argue the Court should compel action on the pending petitions to effect review within a reasonable period. Plaintiffs have not, however, demonstrated any basis for claiming an unreasonable delay, nor have they offered any authority conferring a *right* to expedited adjudication that would allow the Court to order the INS to bypass other petitions and place Potapenko's submissions at the front of the line. Testimony from the INS establishes that immigration and nationality applications are addressed in the order in which they are received and that the petitions at issue are being processed within the average time for adjudication. See Crewson Decl. ¶¶ 10, 11. The I-130 and N-400 interviews took place in early August, but according to the INS, Potapenko has failed, as of the date of oral argument, to supply the further documentation requested by the INS at the time of the interviews. See Crewson Supplemental Decl. ¶¶ 4-6. Accordingly, issuance of a writ of mandamus pursuant to 27 U.S.C. § 1361 is not warranted in this case, as Plaintiffs have no clear, indisputable right to expedited review of Potapenko's immediate relative petition and naturalization application. The Court therefore, has no jurisdiction to compel the relief sought and the action must be dismissed. See, e.g., National Ass'n of Gov't Employees v. Federal Labor Relations Auth., 830 F. Supp. 889, 898 (E.D. Va. 1993) (citing Cook v. Arentzen, 582 F.2d 870, 876 (4th Cir. 1978), for the principle that a plaintiff's failure to establish any one of the prerequisite elements defeats a court's mandamus jurisdiction).

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 9] is **GRANTED**.
2. Plaintiffs' Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 4, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.